UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORING WALKER,

        Petitioner,        Case Number: 2:14-CV-13337
                                      HON. SEAN F. COX

v.

LORI GIDLEY,

        Respondent.
_____/

## ORDER CONSTRUING 5/27/15 LETTER AS MOTION FOR RECONSIDERATION AND DENYING MOTION

    Petitioner Loring Walker is a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. He filed a *pro se* petition for a writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. The Court issued an Order to Correct Deficiency because Petitioner failed to submit two copies of his petition as required by Rule 3(a), Rules Governing Section 2254 Cases. The Court required Petitioner to correct the deficiency within twenty-one days and cautioned that failure to do so could result in dismissal of the petition. The Court subsequently dismissed the petition without prejudiced because Petitioner failed to correct the deficiency within the time prescribed. Petitioner then filed a letter dated January 13, 2015, arguing that the matter should be reopened because he submitted the required copies with his original petition. The Court construed the letter as a motion to reopen the proceeding, and denied the motion. *See* 2/20/15 Order, ECF No. 10. Petitioner has filed

another letter, dated May 27, 2015, in which he again argues that the habeas proceeding should be reopened. *See* ECF No. 11. The Court construes this letter as a motion for reconsideration of the Court's order denying Petitioner's request reopen this proceeding.[1]

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court denied Petitioner's motion to reopen because Petitioner had notice of the filing deficiency prior to the Court's dismissal of his petition and failed to cure the deficiency. Petitioner's motion for reconsideration is based upon disagreement with the Court's decision. A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying his motion to reopen was based upon a palpable defect by which the Court was misled and the Court will deny the motion.

Accordingly, **IT IS ORDERED** that Petitioner's May 27, 2015 letter, ECF No. 11,

---

[1] Petitioner also filed a letter dated July 23, 2015, inquiring into the status of his case. The instant Order should answer Petitioner's inquiry. This matter was closed on November 12, 2014, and remains closed.

is construed as a motion for reconsideration and the motion is **DENIED**.

                                               S/Sean F. Cox  
                                               Sean F. Cox  
                                               United States District Judge

Dated:  October 23, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2015, by electronic and/or ordinary mail.

                                               S/Jennifer McCoy  
                                               Case Manager